IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael McGaha, #262828, | ) | |
| | ) | C/A No. 0:08-3287-RBH-PJG |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Tim Riley, Warden of Tyger River | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The petitioner, Michael McGaha ("McGaha"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment (Docket Entry 25). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (Docket Entry 27.) McGaha filed a response in opposition to the respondent's motion. (Docket Entry 31.) The motion is now before the court for a Report and Recommendation.

## BACKGROUND

McGaha was indicted in July 1999 in Spartanburg County for armed robbery (99-GS-42-4174). (See App. at 298-99, Docket Entry 26-5 at 54-55.) McGaha was represented by John Michael Bartosh, Esquire, and on December 1, 1999, was tried by a jury and found guilty as charged. (App. at 157-58, Docket Entry 26-4 at 42-43.) The circuit court sentenced McGaha to eighteen years' imprisonment for armed robbery. (App. at 160-61, Docket Entry 26-4 at 45-46.)

McGaha timely filed a direct appeal, in which he was represented by Daniel T. Stacey, Esquire, Chief Attorney for the South Carolina Office of Appellate Defense. On August 27, 2001, Stacey filed a final brief in which he presented the following issues:

1.  Whether the court erred when it forbade the appellant from cross-examining key witness Osteen on the amount of time he was facing on his armed robbery plea, because this violated the Sixth Amendment right to confront and cross-examine [the] witness as to the bias and interest he had in testifying for the state?

2.  Whether the court erred when it permitted hearsay testimony from Officer Brown concerning the statement given to him by witness Fleming because this constituted impermissible bolstering?

3.  Whether the court erred when it permitted the solicitor to argue that appellant had not taken responsibility and that "he's not willing yet to accept his share of the guilt," where the appellant did not testify and relied on his right not to present a defense, because this was an improper comment on the accused's exercise of his constitutional right to a trial?

(Supp. App. at 3, Docket Entry 26-6 at 6.) In a *per curiam* opinion, the South Carolina Court of Appeals dismissed McGaha's appeal. (State v. McGaha, 2002-UP-358 (S.C. Ct. App. May 21, 2002), Supp. App. at 33-39, Docket Entry 26-6 at 36-42.) McGaha filed a petition for rehearing (Docket Entry 26-8), which was subsequently denied by order dated September 18, 2002 (Docket Entry 26-9). The remittitur was issued on October 30, 2002. (Docket Entry 26-10.) McGaha did not appeal to the South Carolina Supreme Court.

On July 17, 2002, McGaha filed an application for post-conviction relief ("PCR") in which he claimed ineffective assistance of trial counsel. (See McGaha v. State of South Carolina, 02-CP-42-2614, App. at 163-93, Docket Entry 26-4 at 48-78.) In his supporting memorandum, McGaha alleged that trial counsel failed to: (1) investigate the alleged get-away car and use those findings for McGaha's defense; (2) argue to the jury that, in order to convict McGaha under the "hand of one" theory, the jury had to find that an agreement existed between McGaha and his co-defendant; (3)

request a continuance in order to obtain copies of the alleged fingerprint evidence from the prosecutor; (4) object to the trial court prohibiting counsel from cross-examining a key witness (Osteen) regarding the exact amount of time he was potentially facing on his armed robbery charge; (5) request that the bench conference proceedings, including the trial court's ruling on the solicitor's comment regarding McGaha's exercise of his constitutional right to a trial, be put on the record; and (6) object to the testimony of Officer Brown as impermissible hearsay. (Id.) McGaha amended his application on September 18, 2002 and raised additional grounds alleging that he was denied due process of law, a fair trial, and the effective assistance of counsel for various reasons. (App. at 194-221, Docket Entry 26-4 at 79-106.) The State filed a return on June 13, 2003. (App. at 223-26, Docket Entry 26-4 at 108-11.)

On April 7, 2004, the PCR court held an evidentiary hearing at which McGaha was represented by Gerald Wilson, Esquire. (App. at 227-83, Docket Entry 26-4 at 112 through Docket Entry 26-5 at 39.) The PCR judge denied McGaha's PCR application by order filed September 13, 2004. (App. at 284-97, Docket Entry 26-5 at 40-53.)

McGaha appealed and was represented by Wanda H. Carter, Esquire, of the South Carolina Office of Appellate Defense. On May 16, 2005, Carter filed a Petition for Writ of Certiorari in which she presented the following questions:

1. Did trial counsel err in failing to object to testimony referencing prior bad acts allegedly committed by petitioner?
2. Did the PCR court err in denying petitioner's allegation that trial counsel erred in failing to properly preserve the record with respect to the trial judge's failure to allow cross-examination and impeachment of state's witness John Thomas Osteen?
3. Did the PCR judge err in denying petitioner's allegation that trial counsel erred in failing to preserve the record with respect to the solicitor's comments regarding petitioner's failure [to] testify at trial?
4. Did the PCR judge err in denying petitioner's allegation that trial counsel erred in opening the door to testimony which led to improper bolstering and

hearsay testimony from Officer Fleming and in failing to object on the hearsay ground?

(Docket Entry 26-12 at 3.)  The State filed a response.  (Docket Entry 26-13.)  The South Carolina Supreme Court transferred the PCR appeal to the South Carolina Court of Appeals.  (Docket Entry 26-14.)  The Court of Appeals denied the petition for a writ of certiorari (Docket Entry 26-15) and issued the remittitur on November 15, 2007 (Docket Entry 26-16).

## FEDERAL HABEAS ISSUES

McGaha filed a petition for a writ of habeas corpus in this court on September 26, 2008. (Docket Entry 1.)  In his Petition, McGaha raises the following grounds:

**Ground One:**  Violation of Petitioner[']s Sixth Amendment Rights to the U.S. Const.
> **Supporting Facts:**  The court erred when it forbade Petitioner from cross-examining key witness Osteen on the amount of time he was facing.
> The court erred when it permitted hearsay testimony from Officer Brown concerning the statement given to him by witness Fleming because this constituted impermissible bolstering[.]
> The court erred when it permitted the solicitor to argue that the Petitioner had not taken responsibility and that he[']s not willing yet to accept his share of the guilt where the Petitioner did not testify and relied on his right not to present a defense, because this was an improper comment on the accused[']s exercise of his constitutional right to trial.

**Ground Two:**  Same as above

**Ground Three**:  Trial court lacked subject matter jurisdiction—Insufficient Indictment
> **Supporting Facts:**  Petitioner was not charged with conspiracy or that he acted in concert with Osteen. The ["]and/or others["] was not sufficient to charge or convict petitioner under the so called hand of one hand of all[] accomplice liability. It is obvious that Petitioner was convicted under the doctrine of accomplice liability. A reversible error.

**Ground Four:**  The Court erred when it permitted hearsay testimony from Officer Brown concerning statement given by witness Fleming.
> **Supporting Facts:**  Thus, the officer[']s testimony constituted impermissible bolstering and corroboration, rather than legitimate hearsay exception, the error cannot be deemed harmless on this record. Petitioner[']s conviction should be vacated.

(Pet., Docket Entry 1.) McGaha appears to raise several additional grounds in his memorandum in support of his Petition. (Docket Entry 1-2.) While these grounds are not specifically numbered in the memorandum, the respondent has identified the following additional grounds:[1]

**Ground Five:** Trial counsel err[ed] in failing to obje[c]t to testimony referencing prior bad acts allegedly committed by Petitioner.

**Ground Six:** PCR Court err[ed] in denying Petitioner's allegation that trial counsel erred in failing to properly preserve the record with respect to the trial judge's failure to allow cross-examination and impeachment of state[']s witness John Thomas Osteen.

**Ground Seven:** PCR Judge erred in denying Petitioner's allegation that trial counsel erred in failing to preserve the record with respect to the solicitor[']s comments regarding Petitioner's failure to testify at trial.

**Ground Eight:** PCR Judge erred in denying Petitioner's allegations that trial counsel erred in opening the door to testimony which led to improper bolstering and hearsay testimony from Officer Fleming and in failing to object on the hearsay ground.

**Ground Nine:** PCR Judge erred in denying Petitioner's allegation that trial counsel erred in failing to preserve the record with respect to the solicitor's comments regarding Petitioner's failure to testify at trial.

**Ground Ten:** Petitioner was denied effective assistance of counsel by trial counsel's failure to investigate the allege[d] get away car and to use his findings for defending Petitioner.

**Ground Eleven:** Petitioner was Denied Effective Assistance of Counsel by Trial Counsel's "failure to argue to the jury" that to convict Petitioner of "the hand of one is the hand of all" the jury had to find that there was an agreement between Petitioner and the Co-Defendant.

**Ground Twelve:** Petitioner was denied effective assistance of counsel by trial counsel's failure to request a continuance to obtain copies of the allege[d] finger print evidence in possession and control

**Ground Thirteen:** Petitioner was denied effective assistance of counsel by Trial Counsel's failure to object to trial court prohibiting him from cross-examining "KEY

---

[1]While several of the grounds appear to be duplicative of McGaha's first four grounds, for ease of reference, the court will identify the grounds as numbered by the respondent.

WITNESS""OSTEEN" on the exact amount of time he was Potentially facing on his armed robbery plea.

**Ground Fourteen:** Petitioner asserts a violation of the "Confrontation Clause" by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness and thereby to expose to the jury the facts from which jurors . . . could appropriately draw inferences relative to the reliability of the witness.

**Ground Fifteen:** Petitioner was denied effective assistance of counsel by trial counsel[']s failure to ask to place the contents of the solicitor[']s comments on Petitioner's exercise of his constitutional right to a trial on the record.

**Ground Sixteen:** Petitioner was denied effective assistance of counsel by trial counsel's failure to object to the testimony of Officer Brown as IMPERMISSIBLE HEARSAY.

**Ground Seventeen:** Petitioner asserts IMPROPER JURY INSTRUCTIONS, whereas the trial judge informed the JURY on [] record of what Petitioner was charged with, he read the indictment into the record Petitioner asserts he was not charged with conspiracy or that he acted in "concert" with Osteen. The "and/or others" was NOT sufficient to charge or convict.

**Ground Eighteen:** Petitioner asserts it is the Constitutional Right of an accused person charged with a criminal offense to be fully informed of the nature and cause of the accusation.

**Ground Nineteen:** Petitioner asserts for ANY statutory offense being a specific intent crime, the Due Process Clause of the Fourteenth Amendment "DEMANDS" that a defendant be ADEQUATELY charged with KNOWINGLY and WILLFULLY whereas the prosecution must prove "BEYOND A REASONABLE DOUBT" that defendant "VOLUNTARILY" committed the act Petitioner asserts the State failed to carry out the above findings.

**Ground Twenty:** Petitioner asserts the jury could have determined that the State failed to prove beyond a reasonable doubt that Petitioner was in the car, upon conflicting evidence that included in the beginning the [two] witnesses of the state not placing anyone else in the car at the crime scene.

**Ground Twenty-One:** Petitioner asserts the indictment charged and what the prosecution presented at trial and jury instructions were "EXTREMELY" different. Such material variance between the charge and proof entitles Petitioner to directed verdict of ACQUITTAL.

**Ground Twenty-Two:** Petitioner asserts "CLOSING ARGUMENTS" by Solicitor, whereas Tr. p. 134, line 1-4. Ms. Stone: Lades and Gentlemen, based on the

testimony that you've heard today: I'm Asking you to return a verdict of guilty for Mr McGaha for the "ARMED ROBBERY" whereas Petitioner cites <u>State v. Brown</u>, 289 S.C. 581, 347 S.E.2d 882 (1986); <u>US v. Iglesias</u>, 915 F.2d 1524 (11th Cir. 1990); <u>US. V. Lequive</u>(sp.) 943 F.2d 1554 (11th Cir. 1991); <u>US v. Childress</u>, 58 F.3d 693 (D.C. Cir. 1995) (Prosecutor may not use bully pulpit of closing argument to inflame passions or prejudices of jury or to argue facts not in evidence): <u>U.S. v. Loayza</u>, 107 F.3d 257 (4th Cir. 1997)

**Ground Twenty-Three:** Petitioner asserts counsel failed to file a motion in limine to have the court redact all references in statements concerning the use of drugs, especially that of crack cocaine and to prohibit the prosecution from presenting this evidence

**Ground Twenty-Four:** Petitioner asserts he is entitled to relief when the evidence fails to satisfy <u>Jackson v. Virginia</u>, 99 S. Ct. 2781 (1979).

**Ground Twenty-Five:** Petitioner asserts Prosecutor may not obtain criminal conviction through use of false evidence, whereas the state failed to produce said evidence to convict Petitioner "Beyond a Reasonable Doubt.

(Respt.'s Mem. Supp. Summ. J. at 27-29, Docket Entry 26 at 27-29.)

## DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the

entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Habeas Corpus Standard of Review**

**1.      Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397

F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### 2. Exhaustion Requirement

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth v. Ozmint, 377 F.3d 437 (4th Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

### C. Respondents' Motion for Summary Judgment

### 1. Procedural Bar

As an initial matter, the respondent argues that portions of Grounds One and Two of McGaha's federal habeas Petition are procedurally barred from consideration. Additionally, the respondent contends that Grounds Three, Eight, Ten through Twelve, Fourteen, Seventeen through Twenty-Two, Twenty-Four, and Twenty-Five are barred from federal habeas review. Upon review of the record, the court agrees.

Ground One contains three claims. McGaha first alleges that the trial court erred when it forbade McGaha from cross-examining a key witness, John Thomas Osteen, on the amount of time he would be serving for his guilty plea in the case ("Ground One(a)"). Second, McGaha contends that the trial court erred when it permitted hearsay testimony from Officer Brown concerning a statement given by a witness because it allegedly constituted improper bolstering ("Ground One(b)"). In his third claim under Ground One, McGaha asserts that (1) the trial court erred when it allowed the solicitor to argue in his closing argument that McGaha was unwilling to accept his share of the guilt in the robbery and (2) that the statements made by the solicitor constituted improper comments upon his right to not testify at trial ("Ground One(c)"). Ground Two simply states "same as above," referring to the claims in Ground One. Ground Fourteen raises the same claim contained in Ground One(a) and Ground Twenty-Two raises the same claims contained in Ground One(c).

McGaha raised Ground One(a) and (c) in his direct appeal to the South Carolina Court of Appeals. However, the Court of Appeals determined under independent and adequate state procedural rules these claims were not properly preserved for appellate review. (See State v. McGaha, 2002-UP-358 (S.C. Ct. App. May 21, 2002), Supp. App. at 33-39, Docket Entry 26-6 at 36-42.) Accordingly, these claims are procedurally barred and should not be reviewed unless McGaha can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," which he has not alleged. Coleman, 501 U.S. at 750; see also Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437.

In Ground Three, McGaha alleges that the trial court lacked subject matter jurisdiction due to an insufficient indictment. While this issue was raised to and ruled upon by the PCR court, McGaha did not raise this claim to the state appellate courts in his PCR appeal. Accordingly, this

claim was not fairly presented to the South Carolina appellate courts and is procedurally barred from federal habeas review. See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). Thus, these grounds are not properly exhausted and are procedurally barred unless McGaha can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," which he has not alleged. See Coleman, 501 U.S. at 750.

Further, the court finds that the following grounds were not ruled on by the PCR court: Ground Eight[2] (alleging that trial counsel erred in opening the door to testimony which led to improper bolstering and hearsay testimony from Officer Fleming and in failing to object on the hearsay ground), Ground Ten (alleging that trial counsel was ineffective in failing to investigate the alleged getaway car), Ground Eleven (alleging that trial counsel was ineffective in failing to argue that to convict McGaha under "the hand of one is the hand of all" the jury had to find an agreement between McGaha and his co-defendant), Ground Twelve (alleging that trial counsel was ineffective in failing to request a continuance to obtain copies of alleged finger print evidence), Ground Seventeen (alleging that the trial court gave improper jury instructions), Ground Eighteen (alleging that he was denied his constitutional right to be fully informed of the nature and cause of the accusation), Ground Nineteen (alleging that there was insufficient evidence to establish that he

---

[2]McGaha frames this issue as one that the PCR court erred in denying this claim. However, this claim is essentially an ineffective assistance of counsel claim and therefore interpreted as such. Moreover, the PCR court did not rule on this claim.

voluntarily committed the crime), Ground Twenty (alleging that the jury could have determined that the State failed to prove he was in the getaway car), Ground Twenty-One (alleging that he was entitled to a directed verdict based on the fact that the evidence presented did not conform with the charge in the indictment), Ground Twenty-Four (raising essentially the same allegations as Ground Nineteen), and Ground Twenty-Five (alleging that the State presented false evidence at the trial). As stated above, none of these issues was ruled on by the PCR court and McGaha did not file a motion to alter or amend the judgment. Therefore, these issues were not preserved for state appellate review. See Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007) (holding that issues must be raised to and ruled on by the PCR judge to be preserved for appellate review); Rule 59(e), SCRCP (providing avenue for any party to move to alter or amend a judgment). Accordingly, McGaha has not properly exhausted Grounds Eight, Ten, Eleven, Twelve, Seventeen, Nineteen, Twenty, Twenty-One, Twenty-Four, and Twenty-Five, and these claims would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501 U.S. 722. Thus, these grounds are not properly exhausted and procedurally barred unless McGaha can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," which he has not alleged.[3] See Coleman, 501 U.S. at 750.

### 2. Grounds One, Two, Four, and Sixteen

As stated above, Grounds One(a) and (c) are procedurally barred. However, Ground One(b) was properly exhausted and fairly presented to the state appellate courts. Ground One(b) is similar,

---

[3]Even considering the merits of these grounds, for the reasons stated in the respondent's return and memorandum of law in support of summary judgment, McGaha would not be entitled to federal habeas relief on any of these grounds. (Docket Entry 26 at 38-49, 61-66, 67, 68-78.)

if not identical, to Grounds Two(b), Four, and Sixteen; therefore, the court will address these grounds together. Essentially, McGaha claims that the trial court erred in permitting Officer Brown to offer hearsay testimony concerning a statement given by Fleming, a witness to the crime, because it constituted impermissible bolstering. Specifically, on redirect Officer Brown testified that witness Fleming informed him that the robber got into the passenger side of the car and someone else was in the driver's seat. On direct appeal, the South Carolina Court of Appeals rejected this claim. The Court of Appeals found that Officer Brown's testimony "was merely an attempt to clarify the information that was reported to him following the robbery" and concluded that it did not constitute improper bolstering. The state appellate court further found as follows:

> Defense counsel opened the door to that testimony by cross-examining Fleming, who was the preceding witness, about the fact that his statement to Officer Brown did not mention there was a second person involved in the robbery. The disputed testimony was necessary to respond to defense counsel's implication that Fleming *never* reported the presence of the driver to Brown. It would be unfair to allow defense counsel to elicit such testimony on cross without allowing the State the chance to respond with testimony that Fleming did orally report the presence of a second person, although he neglected to include this detail in his written statement. . . . We note defense counsel also cross-examined Officer Brown about the fact there was no information in Fleming's statement about a second person, and Brown replied the information was not contained in Fleming's *written* statement.

(See State v. McGaha, 2002-UP-358 (S.C. Ct. App. May 21, 2002) (emphasis in original), Supp. App. at 37, Docket Entry 26-6 at 40.)

This determination by the Court of Appeals ultimately involved a question of state evidentiary law. "It is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Moreover, "in considering federal habeas corpus issues involving state evidentiary rulings, 'we do not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding.' " Barbe v. McBride, 521 F.3d

443, 452 (4th Cir. 2008) (quoting Burket v. Angelone, 208 F.3d 172, 186 (4th Cir. 2000)). Upon review of the record, McGaha cannot satisfy this standard, especially in light of the support for the appellate court's findings. (See App. at 42-49, 51-52, 57-59, Docket Entry 26-3 at 44-51, 53-54, 59-61.) Therefore, McGaha is not entitled to habeas relief on these grounds.

### 3. Grounds Five and Twenty-Three

Grounds Five and Twenty-Three, although worded differently, raise the same claim. In these grounds, McGaha argues that his trial counsel was ineffective for failing to object to or file a motion in limine with regard to prior bad acts allegedly committed by McGaha. At the PCR hearing, McGaha asserted that trial counsel should have objected to or moved to redact testimony that indicated that McGaha had used drugs and alcohol the night of the crime and on prior occasions.

The PCR court concluded that this claim was without merit. (App. at 294, Docket Entry 26-5 at 50.) Specifically, the court noted that evidence that McGaha "used drugs contemporaneously with committing the robbery or that he committed the robbery in order to get money for drugs was relevant to show motive and formed part of the res gestae of the crime with which he was charged." (Id.) The PCR court determined that this evidence was admissible and, therefore, trial counsel was not deficient in failing to object or move to redact the statements. (Id.) In response to the respondent's motion for summary judgment, McGaha merely restates his claim and states that it has merit without any additional support. (See Docket Entry 31 at 3, 4.)

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S.

362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, Singleton must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, Singleton "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

"It is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). As stated above, the PCR court found that the evidence was admissible based on state law. Accordingly, McGaha has failed to establish that his counsel was ineffective as because he cannot demonstrate that there is a reasonable probability that the result of the proceeding would have been different if trial counsel had preserved this issue. Strickland, 466 U.S. at 694. McGaha has failed to demonstrate that the PCR court's determinations unreasonably misapplied clearly established federal law or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. at 410. Thus, McGaha is not entitled to federal habeas relief on these grounds.

### 4.     Grounds Six and Thirteen

Grounds Six and Thirteen are substantially the same claim.[4]  McGaha argues that his trial counsel was ineffective in failing to object with respect to the cross-examination and impeachment of witness Osteen[5] on the amount of time he was facing for his armed robbery plea.  In these claims, McGaha is basically arguing that his trial counsel failed to properly preserve the first issue he raised in his direct appeal.

In support of his contention that he was denied his right to confront Osteen, McGaha relied on State v. Brown, 399 S.E.2d 593 (S.C. 1991).  The PCR court determined that McGaha's case was distinguishable from Brown based on the following: (1) there was no plea bargain agreement between the State and Osteen; (2) Osteen did not plead to a lesser offense with a shorter sentencing range; and (3) Osteen was not promised a specific sentence in exchange for testifying.  (App. at 287-88, Docket Entry 26-5 at 43-44.)  The PCR court noted that counsel "was able to fully and fairly question [Osteen] about his motivation to help himself and  get a more lenient sentence by naming his accomplice." (Id.)  The PCR court also observed that the jury was made fully aware that Osteen was facing a substantial sentence for his conviction, that Osteen was seeking leniency, and of Osteen's possible bias or motive for testifying.  (Id.)  Based on these facts and applying the Strickland test, the PCR found that trial counsel was not deficient in not objecting.  (Id.)  Further, the PCR court found that even if trial counsel was deficient, McGaha failed to establish he was prejudiced.  (Id.)

---

[4]Ground Six avers that the PCR court erred in denying this claim of ineffective assistance of counsel.

[5]Osteen was McGaha's co-defendant who plead guilty to armed robbery prior to McGaha's trial.  Thereafter, Osteen testified against McGaha at his criminal trial.

"In considering this claim again on a petition under 28 U.S.C. § 2254, a federal court owes considerable deference to the judgment entered in the state court proceeding." Yarbrough v. Johnson, 520 F.3d 329, 335 (4th Cir. 2008) (citing 28 U.S.C. § 2254(d), (e)). Moreover, McGaha has the burden of rebutting by clear and convincing evidence the presumption that state court factual determinations are correct. 28 U.S.C. § 2254(e). The respondent concedes that the PCR court erred in determining that trial counsel was not deficient in failing to preserve the Confrontation Clause issue for appeal based on State v. Brown, acknowledging that the applicable case is State v. Mizzell, 563 S.E.2d 315 (S.C. 2002). However, the respondent contends that notwithstanding this error, the PCR court did not unreasonably misapply federal law when it found that McGaha failed to establish that he was prejudiced by any deficiency. In response to the respondent's motion for summary judgment, McGaha simply restates his claim.

The facts surrounding the Confrontation Clause issue in Mizzell are strikingly similar to McGaha's case. In Mizzell, the co-conspirator witness was charged with the same crimes as the defendants but had neither agreed to a plea bargain nor pled guilty. Mizzell, 563 S.E.2d at 318. The South Carolina Supreme Court held that the trial court erred in limiting the cross-examination of the witness on his potential sentence if convicted of the same crimes as the defendants. Id. However, even though the trial court erred, the state supreme court observed that such a violation does not amount to "*per se* reversible error" if the error was harmless. Id.; see also Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986) (stating that an improper denial of a defendant's opportunity to impeach a witness for bias is subject to a harmless error analysis). To determine whether an error is harmless in a particular case, the court must consider "a host of factors" including:

> the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of

cross-examination otherwise permitted, and of course the overall strength of the prosecution's case.

Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986).

In McGaha's case, as noted by the PCR court, Osteen's identification of McGaha as his co-conspirator was corroborated by the fact that Osteen (1) identified McGaha in his statement to police; (2) McGaha was Osteen's uncle; (3) the police were informed by an eyewitness that Osteen had an accomplice who drove the getaway car; and (4) Osteen had no prior criminal record. (App. at 288, Docket Entry 26-5 at 44.) Moreover, as stated above, trial counsel "was able to fully and fairly question [Osteen] about his motivation to help himself and get a more lenient sentence by naming his accomplice." (App. at 287-88, Docket Entry 26-5 at 43-44.) The PCR court also observed that the jury was made fully aware that Osteen was facing a substantial sentence for his conviction, that Osteen was seeking leniency, and of Osteen's possible bias or motive for testifying. (Id.) Accordingly, applying the factors in Van Arsdall to McGaha's case, any violation of the Confrontation Clause that may have occurred was clearly harmless error. See Van Arsdall, 475 U.S. at 684.

As the PCR court's error was harmless, McGaha has failed to establish that there is a reasonable probability that the result of the proceeding would have been different if trial counsel had preserved this issue. Strickland, 466 U.S. at 694. Accordingly, McGaha is not entitled to habeas corpus relief on these grounds.

5. **Grounds Seven, Nine, and Fifteen**

In Grounds Seven, Nine, and, Fifteen, McGaha asserts that his trial counsel was ineffective for failing to preserve the record with respect to the solicitor's comments in his closing argument

regarding McGaha's failure to testify at trial.[6]  The PCR court reviewed this claim with respect to two objections to the solicitor's closing argument and found that trial counsel was not ineffective in failing to preserve these objections.  The first objection was made in response to the solicitor's comments that McGaha's co-conspirator, Osteen, tells the police the truth and "thinks they're  both going to go turn themselves in and take responsibility."  (App. at 131, Docket Entry 26-4 at 16.) Trial counsel objected to the statement "as to them taking responsibility for their action" and states "[t]hat's improper argument to the jury."  (Id.)  The court overruled this objection.  The second objection occurred after the solicitor stated "[h]e's not willing yet to accept his share of the guilt." Trial counsel objected and argued "[t]hat is a comment on Mr. McGaha's exercise of his constitutional right to a trial."  Following the second objection, a bench conference was held off the record, and immediately following the conference, no ruling was stated and the solicitor resumed his argument.  After examining the ruling of the South Carolina Court of Appeals on McGaha's related issue on direct appeal, the evidence presented at trial, and the solicitor's argument in its entirety, the PCR court found that the statements were not improper, and even if they were, that McGaha "failed to establish either that the solicitor's closing argument, viewed as a whole, was improper or that it resulted in a denial of due process.  As such, the PCR court found that McGaha failed to establish any likelihood that he would have prevail on appeal if these objections had been preserved and, therefore, McGaha could not demonstrate he was prejudiced from any alleged deficiency.  (App. at 289-93, Docket Entry 26-5 at 45-49.)

When examining claims pertaining to improper comments by a prosecutor, "[t]he relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.' "  Darden v. Wainwright, 477 U.S. 168, 181 (1986)

---

[6]Ground Nine phrases this issue as a PCR court error in denying this claim.

(quoting <u>Donnelly v. DeChristoforo</u>, 416 U.S. 637 (1974)).  However, the <u>Darden</u> Court noted that "it is not enough that the remarks were undesirable or even universally condemned."  <u>Id.</u> (internal quotation omitted).  Having reviewed the record and considered the weight of the evidence and the extent of these comments, the court finds that the prosecutor's comments did not render McGaha's trial fundamentally unfair.  McGaha has failed to establish that there is a reasonable probability that the result of the proceeding would have been different if trial counsel had preserved these objections. <u>Strickland, 466 U.S. at 694</u>.  Therefore, McGaha cannot establish that trial counsel was constitutionally ineffective in failing to preserve his objections during closing arguments.  Moreover, McGaha has not shown that the state court's analysis of this issue misapplied clearly established federal law or, even if there was an error, that it was unreasonable.  See <u>Williams v. Taylor, 529 U.S. at 410</u>.  Based on the foregoing, McGaha is not entitled to federal habeas relief on these grounds..

## RECOMMENDATION

Based upon the foregoing, the court finds that Grounds One(a), One(c), Two(a), Two(c), Three, Eight, Ten through Twelve, Fourteen, Seventeen through Twenty-Two, Twenty-Four, and Twenty-Five are procedurally barred from federal habeas review.  Moreover, Grounds One(b), Two(b), Four, Five, Six, Seven, Nine, Thirteen, Fifteen, Sixteen, Twenty-Three do not warrant federal habeas relief.  Accordingly, the court recommends that the respondents' motion for summary judgment (Docket Entry 25) be granted.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 27, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).